# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

NICK LOEB, HUMAN EMBRYO #3 HB-A, AND HUMAN EMBRYO #4 HB-A

CIVIL ACTION

VERSUS

NO. 18-3165

SOFIA VERGARA

SECTION "S" (1)

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Defendant's Motion to Stay Remand Order (Doc. #33) is **DENIED**.

## BACKGROUND

This matter is before the court on defendant's motion to stay the remand of this matter to the 25th Judicial District Court, Parish of Plaquemines, State of Louisiana.[1]

On January 9, 2018, plaintiff, Nick Loeb, on behalf of himself and Human Embryo #3 HB-A and Human Embryo #4 HB-A, filed the instant suit against defendant, Sofia Vergara, in the 25th Judicial District Court, Parish of Plaquemine, State of Louisiana invoking the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), La. Rev. Stat. § 13:801, *et seq.*, to seek full custody of the embryos. The embryos were created by the in vitro fertilization ("IVF") process at ART Reproductive Center, Inc. in Beverly Hills, California using Loeb's sperm and Vergara's ova. Shortly after their creation, the embryos were cryopreserved at ART in California, where they remain. Plaintiffs allege the embryos are living children of whom Loeb should be granted full custody because Vergara is violating her "high duty of care and prudent administration" owed to

---

[1] A more detailed factual background of this matter can be found in this court's May 18, 2018, Order and Reasons remanding this matter to the 25th Judicial District Court, Parish of Plaquemines, State of Louisiana (Doc. #32).

1

them by refusing to allow them to have the chance to be born. Plaintiffs also alleged in the original complaint that Vergara is violating the embryos' rights to be free from slavery and right to equal protection under the law as guaranteed by the Thirteenth and Fourteenth Amendments to the Constitution of the United States, respectively.

Vergara removed this action to the United States District Court for the Eastern District of Louisiana pursuant to 28 U.S.C. §§ 1441 and 1446 alleging diversity and federal question subject matter jurisdiction. Plaintiffs filed a motion to remand arguing that this court lacks subject matter jurisdiction over this case because it is a custody dispute that is beyond the purview of the federal district court. After removal, plaintiffs filed an amended complaint that eliminated the Thirteenth and Fourteenth Amendment claims, and raises only the UCCJEA claim.

On May 18, 2018, this court issued an Order and Reasons granting plaintiffs' motion to remand (Doc. #32). The court specifically held that it lacks subject matter jurisdiction over this matter and remanded it to the state court under 28 U.S.C. § 1447(c), which provides that "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

The court held that it lacks diversity subject matter jurisdiction because plaintiffs' complaint clearly seeks a custody determination by invoking the UCCJEA, making the domestic relations exception applicable. The court also held that it lacks federal question subject matter jurisdiction because the operative complaint does not raise a federal question, federal question subject matter jurisdiction cannot be invoked by federal defenses, and complete preemption is inapplicable. Specifically, the court stated:

>        After removal, plaintiffs amended their complaint to eliminate the Thirteenth and Fourteenth Amendment claims, leaving pending only plaintiffs' state-law UCCJEA.  Due to the elimination of the claims over which this court undoubtedly had federal question subject matter jurisdiction, it would appear that if this court accepted jurisdiction over the case the court would be exercising supplemental jurisdiction over plaintiffs' UCCJEA claim pursuant to 28 U.S.C. § 1367.  However, when the complaint is amended to delete the jurisdiction-conferring claims, "the amended complaint supersedes the original complaint, and the case [is] treated as though the plaintiff has pleaded no basis of federal jurisdiction." 13D Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3567.3 (3d ed.).  Thus, there is "no jurisdiction-invoking claim to which supplemental jurisdiction can attach, and the court may not retain jurisdiction of the non-federal claims." Id.
> 
> \*    \*    \*
> 
>        Because the only remaining claim in this case is a state law custody claim over which federal courts lack jurisdiction, the motion to remand is GRANTED, and this matter is remanded to the 25th Judicial District Court, Parish of Plaquemine, State of Louisiana.

Vergara argues that this court's order is appealable and reviewable on a motion to reconsider because the court mistakenly held that it lacks jurisdiction over the UCCJEA claim asserted in the amended complaint.  She argues that the court had supplemental jurisdiction over plaintiffs' UCCJEA claim pursuant to 28 U.S.C. § 1367, and should have undertaken an analysis of whether to use its discretion to exercise such jurisdiction.  Vergara argues that she is entitled to file a motion to reconsider and an appeal of this court's Order and Reasons finding that it lacks jurisdiction and remanding the matter to the state court.  She contends that staying remand order is necessary because she is likely to prevail on appeal, and should not be forced to litigate in state court while she pursues her federal appellate rights. Plaintiffs argue that the court's May 18, 2018,

3

Order and Reasons is not reviewable because the court clearly held that it lacks subject matter jurisdiction.

## ANALYSIS

Under 28 U.S.C. § 1447(d), "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise[,]" unless the case was removed pursuant to 28 U.S.C. §§ 1442 or 1443.[2] A remand order is reviewable "only if the district court 'clearly and affirmatively' invokes a ground for remand not specified in 28 U.S.C. § 1447(c)[,]" under which "remand is required for lack of subject matter jurisdiction and permitted if the plaintiff makes '[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction . . . within 30 days after the filing of the notice of removal.'" Exxon Mobil Corp. v. Starr Indem. & Liab. Ins. Co., 716 Fed. Appx. 349, 351 (5th Cir. 2018) (quoting 28 U.S.C. § 1447(c)). The inquiry focuses on "what the district court *perceived* it was doing," not "on the *merits* of the district court's decision," which is precluded by § 1447(d). Certain Underwriters at Lloyd's, London and Other Insurers Subscribing to Reinsurance Agreements F96/2922/00 and No. F97/2992/00 v. Warrantech Corp., 461 F.3d 568, 573 (5th Cir. 2006). Thus, "[n]o appeal lies from a remand ruling, no matter how erroneous, which is actually predicated on lack of federal subject matter jurisdiction." Arnold v. State Farm Fire and Cas. Co., 277 F.3d 772, 775 (5th Cir. 2001).

This court's May 18, 2018, Order and Reasons remanding this matter to the state court clearly held that this court perceived that it lacked both diversity and federal question subject matter jurisdiction. There is a passing reference to the perception that supplemental jurisdiction under § 1367 might appear to apply to plaintiffs' UCCJEA claim, but the court ultimately held that the amended complaint superseded the original complaint and that there was no jurisdiction-

---

[2] The matter was not removed pursuant to either § 1442 or § 1443. The Notice of Removal specifies that it was removed pursuant to 28 U.S.C. §§ 1441 and 1446.

invoking claim to which supplemental jurisdiction can attach. As such, the court clearly concluded that there was no subject matter jurisdiction and remanded the matter pursuant to §1447(c). Thus, the May 18, 2018, Order and Reasons is not reviewable, and it is irrelevant whether the court erred in concluding that § 1367 was inapplicable. Because the Order and Reasons is not reviewable, Vergara's motion to stay the remand order is DENIED.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Stay Remand Order (Doc. #33) is **DENIED**.

New Orleans, Louisiana, this ___13th___ day of June, 2018.

**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**